THE STATE OF IOWA, Appellee, v. GEORGE MILHOLLAND,
Appellant.

89    5
138    506

Manslaughter by Minor: CAPACITY TO COMMIT CRIME: INSTRUC-
TION TO JURY.  The defendant was found guilty of manslaughter
upon evidence which showed that, when he was only thirteen years
of age, he willfully, but without anger or malice, threw a playmate,
a boy ten years of age, into the water, so that he was drowned.  The
court, on its own motion, gave the  following  instruction:  "In
determining the guilt or innocence of the defendant, you may consider
his age, and all facts and circumstances which are in evidence or
arise from the evidence."  No other instruction was asked or given
with reference to the age of the defendant.  Held, that the verdict
could not be set aside on appeal on the ground that the instruction
given was insufficient to present to the jury the question whether or
not the defendant, at his age, possessed sufficient capacity to render
him criminally liable for the homicide.

*Appeal from Dubuque District Court.*—HON. FRED
O'DONNELL, Judge.

WEDNESDAY, OCTOBER 4, 1893.

THE defendant was indicted, tried, and convicted
of the crime of manslaughter. The substance of the
charge is that on June 21, 1892, in Dubuque county,
Iowa, the defendant did willfully, feloniously, and
of malice aforethought, by force and violence, and
against the will of Francis Mulqueeny, throw said Mul-
queeny into a slough of water, by reason of which said
Mulqueeny was drowned. The defendant's motion in
arrest of judgment was overruled, and judgment enter-
ed that he be committed to the State Industrial School
at Eldora for the period of four years. The defendant
appeals.—*Affirmed.*

· *W. J. Cantillon,* for appellant.

*John Y. Stone,* Attorney General, and *M. C. Mat-
thews,* for the State.

GIVEN, J.—The evidence shows without conflict
that on the day named the defendant, then over thir-
teen years of age, the deceased, aged ten, and another
ten year old boy named Rudolph, went to bathe in a
slough or pond of water. They went upon a lumber
raft, where the defendant and the deceased undressed,
and went into the water, the deceased holding to the
raft, and the defendant swimming around. After the
defendant had been in the water he returned to the
raft, where the deceased was, and seized and threw him
into the water, so that he sank, and was drowned.
When the defendant caught hold of the deceased to
throw him in the water, the deceased resisted by catch-
ing hold of some shingles, and called to let go, and not
to throw him in. "Milholland grabbed his hands loose,

and put one hand round his back, the other hand round his legs, and threw him in." When the defendant saw that deceased did not rise to the surface he said "Poor little fellow; poor little boy; poor little Frankie;" and called to other boys near by, to know if they could dive. There is no evidence that the defendant was actuated by anger or ill will. The boys were friends, and acted in the most friendly way towards each other up to the moment that the defendant seized the deceased to throw him in the water. The only conflict in the evidence is this: The boy Rudolph testifies that immediately after this happened the defendant said he would give him five dollars, would treat every time he had money, and would let no one in the hollow hit him if he would not tell. The defendant, in his testimony, denies that he said these things on the raft, but says it was about a month after that he offered him five dollars. The defendant testifies that on the way to the raft the deceased told him that he could swim. Rudolph states that he said he could swim a little. Mrs. Milholland, mother of the defendant, testifies that he would be fourteen years old on December 12, 1892. These are in substance the facts upon which the case was submitted to the jury, and we state them thus fully, that the single question presented on this appeal may be better understood.

I. No instructions were asked by either party. The court, upon its own motion, gave the following instruction, with others: "In determining the guilt or innocence of the defendant, you may consider his age, and all facts and circumstances which are in evidence or arise from the evidence." No other instruction was asked or given with reference to the age of the defendant. The appellant does not complain of this instruction so far as it goes. His contention is that under the law a person under fourteen years of age can not be convicted of a crime, unless the state shows that

he possessed sufficient capacity to understand the nature
of a crime; that it is the duty of the court to instruct
fully on the law of the case, and that the court erred in
not giving the law fully to the jury.   Counsel for the
appellee, without questioning the appellant's statement
of the law, contend that, as applied to the facts, the
instruction was sufficiently full and explicit, and that
the facts fully show that the defendant had sufficient
capacity to render him criminally liable for the act
charged.   While the instruction might properly have
been more full and explicit, yet, in view of the empha-
sis given to the matter of the defendant's age, it must
have been understood as presenting the question of his
accountability.   Discussion is unnecessary to show that
the jury were fully warranted in finding that the
defendant had sufficient capacity to be held criminally
liable for his acts in causing the death of Francis Mul-
queeny.

The judgment of the district court is AFFIRMED.